Docket Number 2012-7125, Mr. Carpenter, you have saved five minutes for rebuttal, is that correct? I have, Your Honor. Okay, you may proceed. Thank you very much, Your Honor. May it please the Court, Kenneth Carpenter appearing on behalf of John Cameron. This matter deals with a question of statutory interpretation, specifically the prior provisions of 38 U.S.C. 5904c.1. This appeal concerns the event which permits an attorney to lawfully charge a fee for work performed for a veteran. Under the correct interpretation of this statute, the event is the first final board decision. The provisions of 5904c.1. No problem, I jumped in on you. The board decision was March 31, and then the RO decision determining an effective date was July 19, correct? That's correct. And it's your position that legal services, because services is the term used in the statute, were provided between those dates after the March 31 attorney visa agreement, correct? Correct. What services did Mr. Cameron provide during that period? Well, the services were to essentially shepherd the case back before the RO and get the RO to implement the board decision and to be sure that the board implemented that board decision correctly. Now, on the question of rating, there really was not much to do. However, on the issue of the effective date, it was necessary for Mr. Cameron to determine what the correct effective date is in order to be sure that the regional office, when it implemented this decision, assigned the correct effective date. So you're saying there were legal services, which services is the term the statute uses, provided between March 31 and July 19, and is there documentation in the record supporting that? Yes. Judge Hagel below asked Mr. Cameron to produce the timesheets for the work that he performed, and he did produce those timesheets, and they were reviewed. I think that shows in the record. I don't believe they are in the record, Your Honor, because that is where the lower court got the issue of 5904 and the entitlement to charge a fee, confused with the question of reasonableness. Wait a second. You're saying that Mr. Cameron is seeking a turning fee for that period, and there are no timesheets or written documents in the record reflecting those services? There were in the record below, Your Honor, but the question is the entitlement to charge a fee, not the amount of the fee. We understand that, but I still don't think you've answered the initial question that was put to you, and that is what exactly, what occurred before July of 2005? Now, we understand that there was a lot of activity after July to get a different date, but when you say he had to make sure they did the right thing, did he file anything? No, Your Honor. Did he send letters? Did he make personal appearances? There were letters to the board. Before July. Before July. And none of those letters are in the record? And none of those letters are in the record, Your Honor, because the issue here is not the work performed. The issue here is whether or not there was a right to charge a fee based upon having provided services afterward. Well, that's my problem. Your words are services, and so what I read the statute to say is that you can charge for services after the date of that initial or that original final decision. But, so I think it's important to know when and at what point services were actually rendered. I mean, I understand your argument might be that you could render services four years later and you get to go all the way back, but that's not the way I read the statute. So my question is, at what point were actually legal services, other than a contract? Now, if he signed a contract, at what point did he actually engage in legal services? Well, and I apologize for not including those in the record, and I can certainly supplement the record for the court, because those documents were requested by Judge Hagel below, and they were provided by Mr. Cameron. And they were set out in the decision of the Veterans Court, which described the work that was performed in that period. And I thought Judge Hagel concluded that, in fact, there was no work performed before July of 2005. Didn't he admonish Mr. Cameron and say that seeking additional fees struck the court as frivolous? Yes, he did, Your Honor. And frankly, that is an incorrect interpretation of this statute, because he was entitled to a fee based upon having provided services in that period after the first final board decision. And Judge Hagel got documentation from Mr. Cameron to confirm that there were services. And the frivolous comment is based upon his view that the work performed was de minimis, and that, therefore, that work was not reasonable. But reasonableness is a separate legal test, and under the prior version of the statute, reasonableness was subject to either a request for review by the veteran, and the veteran made no such request, or a sua sponte review by the board, and the board made no sua sponte review. So the issue of the reasonableness of the amount of the fee charged, the amount of the contingency that would have been awarded based upon the fee agreement, was never requested to be reviewed by Mr. Bartlett or by the board. So you say the court couldn't look at it and say that fees in excess of $500 an hour were more than sufficient. That's correct, Your Honor. Frankly, that argument strikes me as frivolous. Well, with all due respect, Your Honor, it is not, because under the prior statutory scheme, the Congress had designated sua sponte authority for the Board of Veterans' Appeals to review as a separate question the reasonableness of the amount of the fee called for in the fee agreement. In the Skate's decision from this court and from the court below, the Veterans' Court determined that the issue of entitlement to charge a fee was a separate issue to be decided not in the first instance by the board, but by the agency, and that's what took place here. They decided the question of entitlement to charge a fee, but the issue of reasonableness was never raised as required by the extant statute. Your Honor, I think Judge Hagel was very careful to make it clear that while he was questioning the reasonableness of the fee, he had no ability or no authority to rule on that question. That's correct. But what he did say is that the only evidence of any services, and even that, he thought, was very slight, related to getting an earlier effective date, not to getting the original effective date. So in his opinion, he specifically says that in those documents that you submitted and that he reviewed, that the services did not begin until the notice of disagreement with the effective date. And that is not a relevant inquiry under the prior version of the statute. The relevant inquiry is, were or were not services provided after the first final board decision, and there were services provided. In addition, Judge Hagel simply misunderstands that in order to properly represent Mr. Bartlett, he had to examine the question of effective date, because it was the board who failed to assign an effective date. And the effective date, had it been assigned, and it was wrong, that could have been appealed directly to the Veterans Court. But because it was not assigned, it had to go back to the agency for a decision in the first instance. So part and parcel of his obligation to provide services to Mr. Bartlett was to determine what the correct effective date was. If they had gotten the effective date correct in the first instance, then there would have been no more services to be provided. And then the question would have become one of reasonableness. And if at the end of the day, the hours were the hours that were presented to the court below, then that would have been an issue of reasonableness for the board to consider under the board sua sponte, independent authority to review for reasonableness. I assume that you know the record about what those, even though you didn't give it to us, what those records show in the services. And I'm still trying to pin you down here. The first thing I see in terms of actual legal work was a notice of disagreement with the July 2005 date, which doesn't get filed until September of 2005. In terms of formal pleadings, that is correct. Okay, so what, can you give me a date, give me a document, give me a cite to a letter, give me anything that he did before that point in time? Well, they are documented in the court's decision below. And if you'll give me just a moment, I believe I can identify those. You're saying, Mr. Carver, these documents are in the record, but they're not part of the appendix material that's before us. That's correct. And that the examination or the work performed had to do with the analysis of the claims file to determine what the appropriate claim stream was for this appeal. And this case began in 1996, and the initial effective date was wrong, and then an NOD was filed, and that effective date was corrected by one year, and then an appeal was taken to the court, and the case went back again to the agency for trial.  Mr. Bartlett had already secured an award of benefits on his own. That's correct. He signs up with Mr. Cameron, and in effect, Mr. Cameron is then extracting a 20% fee on work that has already been done by the veteran himself. Isn't that right? As it relates to the award, the percentage assigned, that is correct, Your Honor. You come in front of this court on a continuing basis, talking about the need to protect veterans. How does this protect veterans? I understand you want to encourage lawyers to do work, but how does this case protect a veteran? Because this case demonstrates the need for the lawyer to be involved at the earliest possible date. Congress in 2007 changed the law so that lawyers could get involved at an earlier stage in the proceeding. Yes, it is correct that the rating was assigned by the board's decision, but the effective date was not assigned by the board, and that becomes critical both to the amount of past due benefits received and whether or not the veteran needs to continue to litigate, and this veteran continued to litigate for almost a decade to get the correct effective date back to 1996, when this claim began. One of your time was almost up. I had one question I wanted to ask. Were you finished responding to Judge Wallach's question? I believe so. Let's follow up, Your Honor. Obviously, if we agree with the Court of Veterans Appeals, that's the end of the case we refer to. If we were to disagree, what relief are you asking? You would go back to the board, the RO, for a determination of the exact amount of the fee? Because if we agreed with you, we couldn't set a fee. Absolutely not, Your Honor. I believe the appropriate disposition is reversal and a direction that there was entitlement  to a fee. The opportunity to challenge the question of the reasonableness of the fee has come and gone. There is no authority at this point for there to be a reasonableness review. Why could there not be at this point in the statute? Why could it not be a situation where if we were to send it back, the board would look at it and say, all right, the court said he's entitled as a matter of law to a fee. They look at the records and they say, okay, he gets a fee, but we're going to half it or a quarter it or whatever. Why, as a matter of law, could that not be done at this point? Well, the problem is that the law has changed. At the time in which this was going on, the law provided for a separate or sui sponte review by the board. That provision had no time constraints. When Congress changed the statute and moved both of these questions to the regional office level, the VA, in promulgating regulations, imposed a 120-day window for the request for review for reasonableness, either by the veteran or by the now VA General Counsel, as opposed to the Board of Veterans' Appeals. And so there is no express authority for review. Now, I suppose this court could certainly direct the board to do that, and then the question would be whether or not they did or didn't have the authority to do it. I have to tell you, Mr. Perlman, this entire appeal, given the posture, strikes me as frivolous in and of itself. Well, I'm sorry that you feel that way, Your Honor, but it is not, because if you look at the case in Stanley, Stanley was about a question of reopening. And this court found that a decision to determine that there was jurisdiction to reopen, that there was a requirement to reopen, was a first final decision. And the veteran had won that, but it was an empirical victory, not a substantive victory. Now, in this case, there was a substantive victory. But, Your Honor, it was Mr. Bartlett's choice to do that. The VA, by regulation, provides for the option of a flat fee, an hourly rate, or a contingency. And Mr. Bartlett could have negotiated an hourly rate or a flat fee with Mr. Cameron to do that initial work, or he could have simply waited, but he didn't do that. And Mr. Bartlett is wholly satisfied with the work performed by Mr. Cameron, as is evidenced by the fact that at no point in time did he raise any questions about this. We'll restore two minutes for rebuttal, and we'll add two minutes to the government time if they need it. Water? There's no water. Sorry. Can we get some water? Yeah, that way. Oh, okay. Thank you. May I please report? If I may start on that issue, Your Honor. As you were asking about the service provided between the date Mr. Cameron was detained and the date of the July decision. The billing records actually are in the appendix, the actual appendix 64, and those show that between those two dates, Mr. Cameron spent 18 minutes drafting two letters to the OLL, and that none of that time was spent actually advocating for the assignment of a particular effective date. And those letters are at, pardon me, Your Honor, are at a record before the agency of 730 and 1446. I mean, I have copies, Your Honor. One of those was a letter to the client with the forms required to sign over his interest. I think that was a separate one. Okay, so even if it's only 18 minutes, Ms. Carpenter reads the statute to say that the minute you have services actually provided, that then the contingency agreement controls with respect to any money that's ever awarded after that point in time or ever received, even if it was based on some earlier decision. How do you respond to that? That's not a correct reading of the statute. By using the words for and with respect to, the prior version of 5904 requires a connection between the services provided and the fees charged. Here, because the benefits from which he seeks to derive his fees flowed from the first final board decision, he's improperly seeking to charge a fee for the services provided in obtaining that decision. Well, are you saying that contingency fee arrangements are not allowed under that prior statute? No, I'm saying the contingency fee that he's seeking to derive his fee from here is from the past two benefits, which flowed from the first final board decision. So he's seeking to charge a fee for the work done in obtaining that first final board decision, which necessarily occurred before that decision. In short, we're saying that an attorney can't derive his fee from benefits that he didn't provide services in obtaining. What about Mr. Superman's language of the statute, though? It says, such a fee may be charged, etc., in the case of services provided after such date, and such date is the date of the initial board decision, which I guess here was March 16th of 2005, if he's retained within a year. So, we have a March 16th, 2005 decision. We have services provided after that date. Why does he not fit within the language of the statute? Now, I'll grant you there's some unappealing aspects to this particular situation in some respects, but just in terms, and it strikes me the government's arguments have much to be said for them in terms of policy, but a little bit of difficulty I'm having is seeing why he doesn't fit within the language of the statute. Just the language of the statute, March 16th date, March 31 retained, services provided before July 19th. Yes, Your Honor. It goes on to services he's seeking to charge the fee for. The language here says that the charges have to be for services or with respect to services. Because he's seeking to derive his fee from the first final board decision, he's seeking to charge a fee for the services provided in obtaining that decision, not for any services he provided in obtaining an initial effective date. Well, he said he worked to obtain an effective date. Now, that would be a question on remand, I would acknowledge. I mean, but he is saying that I provided services after March 31, when I was retained, and before July 19, in connection with the effective date. Now, it may very well be that, you know, he could go back and somebody would look at it and say, okay, you're entitled to something, but not what you're claiming. Do you disagree with Mr. Carpenter says the board wouldn't have authority to look at the reasonable fee now? That's incorrect, Your Honor. Once there's a VA issues an eligibility decision, then there would be 120 days within which to challenge the reasonableness. No, but if we were to send the case, if we affirmed itself, but if we sent the case back and we said he's entitled to, under the statute, he fits within the statute, but there has to be determination of the amount of the fee, and at that point, Mr. Carpenter says, because of the time that's passed and the old statute, he says that we could no longer, or that the board could no longer look at the thing and say whether a fee was reasonable. Right, and that's incorrect because the 120 days doesn't start to run until there's a final eligibility determination. So if you remanded and then the board made a final eligibility determination, then there'd be 120 days to challenge that. A final eligibility determination for fees. Correct. So you're saying if we did go that route and the board looked at it and said, okay, his computation comes out to X dollars, but we don't think that's reasonable, he gets X dollars minus Y. You're saying, as a matter of law, the board could do that. Yes, the agency could file a motion at that point. Now that the law has changed, how many cases would fall into this category of claims still possibly outstanding under the old statute? Your Honor, I don't know. I know I personally, this is my second case dealing with the prior version of the statute. So I think there are at least some cases out there. But as you know, there's been a change since 2007, so I think the universe is limited. And what's the status of that earlier case? I think you guys decided that under Rule 36. Okay. And to the extent that there's any doubt, as to the plain language of the legislative history, that demonstrates that Mr. Cameron is not entitled to a fee in this case. Now you're saying that's because the legislative history indicated that one of the purposes of the prior version of 5904C1 was to, quote, protect the interests of veterans from the perceived threat that agents or attorneys were charged excessive fees for their services, which essentially required only the preparation and presentation of an application for benefit. But you agree, Mr. Sweet, that services were provided after March 31 and before July 19. Services were provided. Those were not legal services. He did no advocacy. If you look at the letters that were cited, all he did was ask for a copy of the R.O. decision and then ask for expedited treatment of the decision. He never asked for the assignment of a particular factor date. So no legal services were actually provided. Where are those letters again in the record? They're at page 730 and 1446. They're not in the appendix. So I have problems with them. I would like to see them now. Thank you. These are the letters, I guess, that were characterized with Judge Hagel or someone as driving the engine. Yes, and he was also referring to even with respect to obtaining an earlier effective date for which Mr. Cameron's already been compensated over $9,000. He merely requested an earlier date. So he was just shepherding the whole process. So if you're interested in reviewing this letter, we'll see that he never asks for the assignment of a particular effective date. He's really just shepherding the case along. And that's precisely the type of minimal work for basic services before the board that the prior version of 5904C1 was designed to protect against.  If the case proceeded as to the newly created judicial proceedings, then at that point there was a need for a paid counsel. And the balance tips in favor of paid counsel. But as this Court has recognized in Stanley, that balance tips when there was an adverse board decision. Because at that point it became clear that the board was not going to award benefits. Indeed, Mr. Cameron himself concedes that the purpose of the prior version of 5904C1 was to provide for paid counsel. If the veteran's initial efforts failed. Here, Mr. Bothred's initial efforts did not fail. And there was never an adverse board decision. On the contrary, the board issued a favorable decision as to entitlement to an increased amount. And then the R.O. influenced that in the non-adversarial proceeding. This Court looks at the R.O.'s decision. It merely assigns a date in one sentence without any legal analysis. And that's probably because under the statute and regulations, it's pretty clear that the effective date is the date the claim was filed. Which is the date that the R.O. awarded. For these reasons and the reasons set forth in our brief, we respectfully request that this Court defer the decision to the adverse board. Thank you. Thank you. Fabio? I apologize, Your Honor, if I was incorrect. Those timesheets are in the record there at JA 64 through 98. Those are all of the documents that were provided by Mr. Cameron to Judge Hagel below. And they itemize his time beginning on March 21, 2005, through April, excuse me, August 25, 2006. I would like to also address the Mr. Carpenter won an R.O. decision. He simply implements an earlier board decision. How is it the resultant services provided after the date of the first final board decision? That rating decision is not, Your Honor. And those are not the services that are pertinent here. It is a question of whether or not the attorney provides services to the veteran after the date of the first final board decision under the plain language of the statute. That's what Congress wrote into the statute. And by comparison, Your Honor, when Congress amended the statute, it took out some of this ambiguity in that it said that it has to be after the filing of a notice of disagreement. So that there is a rating decision and then the triggering event is when the veteran files a notice of disagreement. So that he has expressed or she has expressed disagreement with the decision of the agency. So that clarifies that there is something at issue that the veteran disagrees with. Under the prior version, under 5904X in 2004, there was no connection, as the government suggests, between the services that were to be rendered as it relates, in Your Honor's question, to the implementation process. It doesn't necessarily have anything to do with the implementation process. It has to do with whether or not there were or weren't services to be provided. And there were services that were provided, as was documented by Mr. Cameron. Are you saying, Mr. Carver, that under the statute now, what would happen is, if we were in the present, Mr. Cameron would only be eligible for fees for legal services if it had gone back to the RO, the RO had assigned the April 2 effective date, and at that point he filed a notice of disagreement with that? The way that the statute was amended, it has an effective date of June 22, 2007. So it's any notice of disagreement that is filed after that date. But going forward now, in the present situation, in this same set of facts that occurred, but we were in today's dates, he could only apply for services after he filed a notice of disagreement from the RO's determination of an effective date on remand. Well, that's not entirely correct, because the agency has determined that the prior version applies when there was a pending claim. So that if you don't have a qualified notice of disagreement, you can still qualify for a fee under the prior version if there was a first final decision. And to go to your question, Judge O'Malley, about... How many cases might follow? Thank you. Yes. Yes, there are a significant number of cases potentially out there, because of what I was just explaining to Judge Shaw, because there are a number of cases in which there isn't a first final decision because the case has been in the system so long. And that the first qualifying event is when there is a first final decision. If there is a board decision that's a remand, then that is not a first final decision under the prior version of the statute. So unless there's further questions, I appreciate the court's time. Thank you.